UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ROBERT SETH LABREAU, | ) |
| Plaintiff, | ) |
| v. | ) No.: 2:25-CV-91-TAV-CRW |
| ROBERT "KEITH" BASS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

On October 31, 2025, this Court entered a Memorandum Opinion and Order screening Plaintiff's pro se prisoner's complaint under 42 U.S.C. § 1983 and providing Plaintiff twenty-one (21) days within which to return a completed service packet against Defendant Robert "Keith" Bass [Doc. 16, p. 12]. The Order cautioned Plaintiff that failure to timely return the completed service packet would result in the dismissal of this action [*Id.*]. The deadline has passed, and Plaintiff has not returned his completed service packet or otherwise communicated with the Court.

Under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss an action where a plaintiff fails "to prosecute or to comply with these rules or a court order[.]" *See* Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to . . . comply with the Rules or any order of the court"). Rule 41(b) "is available to the district court as a tool to effect management of its docket and" to avoid "unnecessary burdens on the tax-supported

courts[.]" *Knoll v. AT&T Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotation marks omitted). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Applying these rules requires the Court to dismiss this action. Plaintiff has willfully failed to comply with the Court's Order, and the Court expressly warned Plaintiff that failure to comply would result in the dismissal of this action [Doc. 16, p. 12]. Any sanction short of dismissal would allow this action to languish on the Court's docket.

"[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order. Accordingly, the Court will **DISMISS** this action without prejudice for failure to prosecute and comply with an Order of the Court. *See Rodriguez*, 62 F.4th at 277.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P.

24(a). Should Plaintiff file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*. *See id.*

AN APPROPRIATE JUDGMENT ORDER SHALL ENTER.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
